| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Robertson, Anschutz, Schneid, Crane & Partners, PLLC<br>130 Clinton Road, Suite 202<br>Fairfield, NJ 07004<br>Telephone Number 973-575-0707<br>Attorneys For Secured Creditor<br><br>Aleisha C Jennings (049302015) | Order Filed on April 18, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| **In Re:**<br><br>**Erik W. Yakow,**<br>           **Debtor,**<br><br>**Lisa M. Yakow,**<br>**Joint Debtor.** | CASE NO.: 23-10293-MBK<br><br>CHAPTER 13 |

## ORDER RESOLVING OBJECTION TO CONFIRMATION

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: April 18, 2024**

*Honorable Michael B. Kaplan*
United States Bankruptcy Judge

THIS MATTER having come before the Court on Secured Creditor's, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WILMINGTON TRUST COMPANY, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-6, Objection to Confirmation of Debtor's Chapter 13 Plan, docket entry 62, by and through its counsel, Robertson, Anschutz, Schneid, Crane & Partners, PLLC, as to the real property commonly known as 241 Midland Blvd, Howell, NJ 07731 (the "Subject Property"), and Marc C Capone, Esq., representing Erik W. Yakow and Lisa M. Yakow ("Debtors"), and for good cause it is ORDERED that Secured Creditor's Objection to Confirmation of Debtor's Chapter 13 Plan is resolved, subject to the following conditions:

1. This order shall be incorporated in and become a part of any Order Confirming the Chapter 13 Plan in the herein matter.

2. In accordance with Secured Creditor's timely filed Proof of Claim 6-1, filed on February 27, 2023, the arrears are $65,002.07 and the total debt is $495,557.25.

3. Debtor shall sell the Subject Property by May 15, 2024 (the "Deadline") unless an extension of the Deadline is otherwise agreed between the parties. Any sale of the Subject Property is subject to Secured Creditor's lien being paid in full from the proceeds of said sale, pursuant to an updated payoff statement to be provided by Secured Creditor at or near the time of closing.

4. Any sale short of a full payoff is subject to Secured Creditor's final approval.

5. While the sale of property is pending, Debtor shall remit monthly contractual payments to Secured Creditor.

6. If applicable, the Chapter 13 Trustee shall immediately disburse to Secured Creditor any funds currently being held with regards to Secured Creditor's claim 6-1 as adequate protection payments.

7. The Chapter 13 Trustee shall make payments to Secured Creditor toward the pre-petition arrears while sale is pending.

8. If the property is not sold by May 15, 2024, the Debtor shall have 15 days from that date to: 1) file an amended Chapter 13 Plan to cure the pre-petition arrears as stated in paragraph 2 above, 2) to convert the Chapter 13 petition to a Chapter 7 petition, 3) surrender the property, and/or 4) proceed with this bankruptcy case as deemed appropriate by the court.