**GILLMAN CAPONE, LLC**
Marc C. Capone, Esq.
60 Highway 71
Spring Lake Heights, NJ 07762
Telephone: (732) 661-1664/(732) 528-1166
Fax: (732) 661-1707
Email: ecf@gbclawgroup.com

Order Filed on January 15, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Erik and Lisa Yakow,<br><br>Debtor(s). | Chapter 13<br><br>Case No. 23-10293<br><br>Hearing Date: May 22, 2024 |

**REVISED ORDER AUTHORIZING SALE OF PROPERTY AT 241 MIDLAND BLVD., HOWELL, NEW JERSEY  PURSUANT TO 11 U.S.C. § 363(b)(f) and (m); AND WAIVING 14 DAY STAY OF ORDER**

The relief set forth on the following pages, numbers two (2) through ten (10) is hereby

ORDERED

**DATED: January 15, 2025**

Honorable Mark E. Hall
United States Bankruptcy Judge

THIS MATTER having been brought before the Court by way of the Debtor's Motion for an Order Authorizing the Debtor to sell the Debtor's Interest in the Property at 241 Midland Blvd., Howell, New Jersey, Lot 60 in Block 144 on the municipal tax map of the Township of Howell, Monmouth County, New Jersey (hereinafter "Property") pursuant to 11 U.S.C. §363(b) and (f) for the sum of $415,000.00; Marc C. Capone, Esq., Gillman Capone, LLC, appearing for the Debtor; and Notice of the within Motion having been given and parties having been given timely Notice of the Motion; and the Court having considered the submissions to it; and for Good Cause Shown;

WHEREAS, the Court having found as follows:

1. THAT the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. THAT as evidenced by the certificates of service filed with the Court and based on the representations of counsel at the Sale Hearing: (i) proper, timely, adequate and sufficient notice of the Motion and the Sale Hearing has been provided in accordance with Section 102(1), and 363 of the Bankruptcy Code and Fed. R. Bankr. P. 2002, 6004, 6006, 9007 and 9014; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing or the entry of this Order shall be required.

3. THAT the offer to purchase the Property is the highest and best offer received for the Property. The purchase price to be paid by Purchaser is fair and constitutes reasonably equivalent value for the Property.

4. THAT Purchaser is a purchaser in good faith, as that term is used in §363(m) of the Bankruptcy Code, with respect to the Property. The Contract for the Sale of the Property was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion and, therefore, Purchaser is entitled to the protections of §363(m) of the Bankruptcy Code with respect to the Property.  Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be voided under Section 363(n) of the Bankruptcy Code.

5. THAT the Debtor has articulated sound business reasons, as set forth in the Motion, for consummating the Sale of the Property, and it is a reasonable exercise of the Debtors' business judgment to consummate the Sale.

6. THAT the Debtor may sell, transfer and assign the Property to the Purchaser, in accordance with §363(f) of the Bankruptcy Code.  As a condition to purchasing the Property, Purchaser requires that: (a) the Property be sold free and clear of all Liens and Claims; and (b) Purchaser shall have no liability whatsoever for any obligations of or claims (including without limitation as defined in Section 101(5) of the Bankruptcy Code) against the Debtor, except as specifically provided in the Contract between the Debtor and Purchaser. Purchaser would not enter into the Contract and consummate the transaction to purchase the Property, thus adversely affecting the Debtors' estates, if the sale to Purchaser was not free and clear of all Liens and Claims or if Purchaser was or would be liable for any obligations of or claims (including without limitation as defined in Sections 101(5) of the Bankruptcy Code) against the Debtor, except as otherwise explicitly provided in the Contract between the Debtor and Purchaser.

7. THAT the Debtors, Erik and Lisa Yakow, are the lawful owners of the Property. Accordingly, the transfer of the Property to Purchaser is or will be a legal, valid and effective

transfer of the Property, and will vest Purchaser with all right, title and interest in and to the Property, except those explicitly and expressly assumed by Purchaser in the Contract between the Debtor and Purchaser.

8. THAT all objections to the Motion and the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included in such objections, are either resolved or overruled on the merits and denied.

AND WHEREAS the following liens on the Property were found to exist:

a. Mortgage from Erik Yakow and Lisa Yakow to MERSas the Mortgagee and First Magnus Financial Corporation as the Lender, dated February 25, 2007, recorded March 9, 2007, in Mortgage Book 8635, Page 7385, securing $296,000.00. Mortgage Modification dated May 13, 2010 and recorded July 19, 2010 in Mortgage Book 8841, Page 2165. Said Mortgage was assigned to U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in interest to Bank of America National Association, as Mortgage pass-through by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust by Assignment of Mortgage dated 10/16/2016 and recorded on November 7, 2016 in Book 9197 Page 1354. U.S. Bank N.A. filed a proof of claim in the amount of $495,557.25. The Debtor will obtain a payoff statement and anticipates obtaining the consent of U.S. Bank N.A. on a short payoff, which agreed amount shall be paid at the time of closing in accordance with the short payoff letter issued in the normal course.

      b. U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in interest to Bank of America National Association, as Mortgage pass-through by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust filed a NOTICE OF LIS PENDENS on June 13, 2022 in Instrument No. 2022062343.  This Lis Pendens relates to the Mortgage specified in Paragraph 10a above.  Upon payoff of the Mortgage at the time of sale of the Property, U.S. Bank National Association and/or its assigns shall remove and cancel the Lis Pendens on the Property.

IT IS ORDERED AS FOLLOWS:

9.      THAT pursuant to §363(b) of the Bankruptcy Code, the Debtor is hereby authorized to sell and transfer the Property to Purchaser pursuant to and in accordance with the terms and conditions of the Contract and to take all other action as is necessary to effectuate all the terms of and to consummate the transaction, including to execute and deliver all documents, without any further corporate authorization or Court Order. Pursuant to §363(f) of the Bankruptcy Code, title to the Property shall pass to Purchaser at closing, free and clear of any and all liens, security interests, claims, encumbrances and interests (including, but not limited to, any "claim" as defined in Section 101(5) of the Bankruptcy Code), reclamation claims, deeds of trust, pledges, covenants, restrictions, hypothecations, charges, indentures, loan agreements, instruments, contracts, leases, licenses, options, rights of first refusal, offsets, recoupment, rights of recovery, judgments, orders and decrees of any Court or foreign or domestic governmental entity, claims for reimbursement, contributions, indemnity or exoneration, assignment, preferences, debts, charges, suits, rights of recovery, interests, products liability, alter-ego, environmental, successor liability, tax

and other liabilities, causes of action and claims, to the fullest extent of the law, in each case whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, or known or unknown, whether arising prior to, on, or subsequent to the Petition Date, whether imposed by agreement, understanding, law, equity or otherwise (collectively, the "Liens and Claims"), with all such Liens and Claims on the Property to be unconditionally released, discharged and terminated, with any valid Lien and Claims to attach only to the proceeds of sale with the same priority, validity, force and effect as they existed with respect to the Property before the Closing Date.

10. THAT Purchaser is hereby directed to comply with all provisions of the Contract, including the delivery of the Purchase Price to the Debtor on the Closing Date.

11. THAT the sale and transfer of the Property to Purchaser constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest of the Debtor in and to the Property.

12. THAT this Order shall be binding upon, and shall inure to the benefit of the Debtor, Purchaser and their respective successors and assigns, including, without limitation, any Chapter 13 trustee hereinafter appointed for the Debtors.

13. THAT each and every federal, state, and local governmental agency, recording office or department and all other parties, persons or entities is hereby directed to accept this Order for recordation as conclusive evidence of the free and clear and unencumbered transfer of title to the Assets conveyed to Purchaser.

14. THAT the provisions of this Order authorizing the sale of the Property and Assets shall be self-executing.

15. THAT Purchaser shall be entitled to the protection of §363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.

16. THAT as provided by Fed. R. Bankr. P. 6004(g), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon its entry, and the sale approved by this Order may close immediately upon entry of this Order, notwithstanding any otherwise applicable waiting periods.

17. THAT the following liens on the Property shall be paid, avoided, released, discharged, at the time of the Closing Date as follows:

   a. Mortgage from Erik Yakow and Lisa Yakow to MERSas the Mortgagee and First Magnus Financial Corporation as the Lender, dated February 25, 2007, recorded March 9, 2007, in Mortgage Book 8635, Page 7385, securing $296,000.00. Mortgage Modification dated May 13, 2010 and recorded July 19, 2010 in Mortgage Book 8841, Page 2165. Said Mortgage was assigned to U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in interest to Bank of America National Association, as Mortgage pass-through by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust by Assignment of Mortgage dated 10/16/2016 and recorded on November 7, 2016 in Book 9197 Page 1354. U.S. Bank N.A. filed a proof of claim in the amount of $495,557.25. The Debtor will obtain a payoff statement and anticipates obtaining the consent of U.S. Bank N.A. on a short payoff, which agreed amount shall be paid at the time of closing in accordance with the short payoff letter issued in the normal course.

  b. U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in interest to Bank of America National Association, as Mortgage pass-through by merger to LaSalle Bank National Association, as Trustee for Lehman XS Trust filed a NOTICE OF LIS PENDENS on June 13, 2022 in Instrument No. 2022062343. This Lis Pendens relates to the Mortgage specified in Paragraph 10a above. Upon payoff of the Mortgage at the time of sale of the Property, U.S. Bank National Association and/or its assigns shall remove and cancel the Lis Pendens on the Property.

18. THAT to the extent that there are any other liens on the Property which are not addressed herein, funds shall be held in escrow pending further Order of this Court.

19. THAT Century 21 Mack-Morris Iris Lurie as Realtor for the Debtors, shall be paid a commission of $16,600.00 (4% of net sale price of $415,000.00). To the extent that the sale should proceed prior to entry of appropriate Orders, the sum of $16.600.00 shall be set aside and held pending entry of Order Allowing Compensation. Otherwise, the Realtors' commission may be paid and disbursed at closing in accordance with Local Rule 6004-5.

20. THAT the remaining net proceeds shall be distributed as follows:

  a. Gillman, Bruton & Capone, LLC, counsel for Debtor in the bankruptcy case shall provide an estimated amount of supplemental fees for which it will seek allowance by the Court at the time of closing. Said amount shall be held in the trust account of counsel for the Debtors until this Court enters an Order Allowing Fees.

      b.    To the Debtors, the allowed exemption under 11 U.S.C. §§ 522(d)(1) of $27,900.00. Debtors shall only receive their allowed exemption if all prior liens are paid in full through the sale proceeds.

      c.    The remaining non-exempt proceeds of the sale shall be paid to the standing Chapter 13 Trustee to the extent required to satisfy the Chapter 13 Plan. The Debtors will request a balance to complete the Chapter 13 Plan amount prior to the closing.

      d.    To the extent any remaining amounts are available, the same shall be distributed to the Debtors at closing.

21.    THAT the sale of the Debtor's property is made in accordance with 11 U.S.C. §363 and therefore there shall be no payment of the Realty Transfer Tax at the time of closing as the sale of the Debtor's Property is made "by a receiver, trustee in bankruptcy or liquidation, or assignee for the benefit of creditors" in accordance with N.J.S.A. §46:15-10(g).

22.    THAT all parties who have liens or other interests in the Property having been served in accordance with Bankruptcy R. 6004 and 9014, the 14-day stay of this Order provided for by Bankr. Rule 6004(h) is hereby WAIVED.

23.    THAT a true copy of this Order shall be served on all parties-in-interest by regular, first class mail within seven (7) days of the date hereof.

24.    THAT a copy of the HUD/Settlement Statement must be provided the Trustee within ten (10) days of closing.